# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| MARK SCHREINER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-06149-CV-SJ-LMC |
| WILLIAM BABBITT, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss Amended Complaint (Doc. #18), Plaintiff's Motion for Stay to Defendant's Motion to Dismiss (Doc. #21), and Plaintiff's Motion for Leave to File Amended Complaint (Doc. #22). For the following reasons, the Court denies both of Plaintiff's motions and grants Defendant's motion to dismiss.

### I.     Background

This action was originally filed in the Circuit Court of Platte County, Missouri, on September 30, 2024. (Doc. #1-1.) In a four-page petition, Plaintiff broadly raised claims for civil rights violations, false arrest, assault, battery, and slander, but does not separately list the claims. (Doc. #1-1.) The matter was removed to this Court on November 8, 2024, where Defendants immediately filed a motion to dismiss. (Doc. #1, 3.) Plaintiff filed an amended complaint on January 22, 2025. (Doc. #14.) The amended complaint lists Plaintiff's allegations as follows: (1) unlawful detention; (2) unlawful arrest; (3) slander; (4) assault and battery; (5) Missouri Sunshine Law violation, and (6) failure to adopt policies or to train officers. (Doc. #14.)

Defendants filed a motion to dismiss on February 5, 2025. Plaintiff's response was due on February 19, 2025. On February 20, 2025, Plaintiff filed a motion requesting the "Court to Stay

Defendant's Motion to Dismiss until this Court has ruled on Plaintiff's Motion for Leave to File Second Amended Complaint." (Doc. #21.) That same day, Plaintiff filed a motion for leave to file a second amended complaint. (Doc. #22.) Defendants filed opposition briefs to both of Plaintiff's motions and Plaintiff has replied to each of those oppositions. (Doc. ##23, 24, 25, 26.) Plaintiff did not submit an opposition brief to the motion to dismiss.

II. Discussion

A. Motion to Stay

The Court first addresses Plaintiff's Motion to Stay to Defendant's Motion to Dismiss (Doc. #21). In requesting a stay, Plaintiff asserts that he "believes the new Amended Complaint rectifies the issues Defendant's (sic) have with Plaintiff's assertions and allegations." (Doc. #21.) "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). "[D]istrict courts must weigh the competing interests of the parties, including the potential of prejudice or hardship to either party as well as concerns of judicial economy." *Gibson v. Nat'l Ass'n of Realtors*, 2024 WL 3455253, at *1 (W.D. Mo. Jan. 17, 2024). The burden of showing a stay is warranted rests on the party advocating for the stay. *G-Met, LLC v. St. Paul Mercury Ins. Co.*, 2017 WL 5180963, at *2 (W.D. Mo. Nov. 8, 2017). Plaintiff's request for a stay is denied as he has failed to show the need for a stay. This matter was originally filed in the Circuit Court of Platte County, Missouri, on September 30, 2024, and was removed to this Court shortly thereafter. (Doc. #1-1.) Following a motion to dismiss, Plaintiff filed an amended complaint. (Doc. #14.) The Court notes that the pending motion to dismiss is largely similar to the earlier motion to dismiss, although it adds an argument that the individual officers are entitled to qualified immunity and official

immunity and that Platte Woods has not waived its sovereign immunity. (Compare Doc. #4 with Doc. #19.) Therefore, Plaintiff's were aware of the alleged deficiencies in the First Amended Petition. A stay in order to be permitted to file a second amended complaint is not warranted. A *pro se* plaintiff is not entitled to multiple bites at the apple. *Turner v. ILG Techs., LLC*, 2023 WL 3553133, at *3 (W.D. Mo. May 18, 2023). Therefore, the motion to stay is denied.

    B. <u>Motion to Amend the Complaint</u>

Generally, a party seeking to amend its complaint after the time specified to amend as a matter of course has passed, must obtain the consent of the opposing party or obtain leave from the Court. Fed. R. Civ. P. 15(a). "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Where, however, a scheduling order has been entered, the scheduling order may be modified only upon a showing of good cause and with the consent of the judge. Fed. R. Civ. P. 16(b)(4). Therefore, a party seeking to amend a pleading after the deadline imposed in the scheduling order must show good cause to modify the schedule. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). Courts generally focus on the moving party's diligence in meeting the demands of the scheduling order when determining good cause and "[w]here there has been 'no change in the law, no newly discovered facts, or any other changed circumstance ... after the scheduling deadline for amending pleadings,' then we may conclude that the moving party has failed to show good cause." *Id.*

As noted previously, Plaintiff filed his original Petition in state court on September 30, 2024. (Doc. #1-1). Per the scheduling order in this matter, all motions to amend the pleadings were to be filed no later than January 31, 2025. (Doc. #13, adopting section B of Doc. #11 at 2.) Plaintiff's motion to file a second amended complaint was filed on February 20, 2025. Plaintiff has not attempted to show good cause. *See Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th

3

Cir. 2014) (finding that a "district court acts 'within its discretion' in denying a motion to amend which made no attempt to show good cause.)  Therefore, the motion to amend the complaint is denied.

    C.  <u>Motion to Dismiss</u>

Defendants seek dismissal of the complaint in its entirety. (Doc. #18.) As discussed earlier, Plaintiff has not responded to the motion and instead filed a motion to stay.  "[T]he filing of a motion to stay does not act as a means to extend deadlines to outstanding motions—such as defendants' motion to dismiss in this case."  *Covington v. Janssen Pharms., Inc.*, 2017 WL 3433611, at *3 (E.D. Mo. Aug. 10, 2017).  This Court has found that a "plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims." *Jarrett v. Henkel Corp.*, 2016 WL 409819, at *2 (W.D. Mo. Feb. 2, 2016).  The Court, however, out of an abundance of caution will address the motion to dismiss despite the lack of a brief opposing the motion.

Rule 8 of the Federal Rules of Civil Procedure requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(1).  The rule requires more than an "unadorned" complaint but requires less than "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). Thus, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In determining whether a complaint fails to state a claim for relief, courts must "construe the complaint in the light most favorable to the nonmoving party." *Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).  The non-moving party is entitled to all reasonable inferences. *Cent. Platte Nat.*

4

*Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011). Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Courts must read the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

1. Official Capacity Claims

Defendants Babbitt and Ratledge argue that the official capacity claims against them should be dismissed because they are duplicative of the claims against the City of Platte Woods. (Doc. #19 at 5-6.) "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). The Court will therefore treat any official capacity claims against the individual officers as claims against the City of Platte Woods. *Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023) (treating official capacity claims as claims against the employing governmental entity.)

2. Constitutional Claims Against Individual Officers

Defendants argue that Plaintiff has failed to set forth factual allegations that demonstrate violations of his First and Fourth Amendment rights. "To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the deprivation was committed by a person acting under color of state law." *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013).

First with regard to any First Amendment claims, Plaintiff styles his claim against Officer Babbit as a slander claim and does not include any details that would suggest he was engaged in a protected activity under the First Amendment at the time of his detention or arrest. *See Simes v.*

5

*Arkansas Jud. Discipline & Disability Comm'n*, 734 F.3d 830, 834 (8th Cir. 2013) (finding that claims for defamation alone do not equate to either a violation of the First Amendment claim). Therefore, the Court finds that Plaintiff is not asserting any First Amendment claims against any of the individual officers. Instead, Plaintiff is asserting a state law claim for slander against Officer Babbitt, which will be discussed *supra*. Therefore, the Court finds that Plaintiff has failed to state a claim under the First Amendment.

Plaintiff raises two Fourth Amendment claims against the individual officers: 1) an unlawful detention claim against Officer Ratledge; and 2) an unlawful arrest claim against Officer Babbit. (Doc. #14 at 2.) The Fourth Amendment protects an individual from "unreasonable searches and seizures" by governmental entities. *United States v. Wolff*, 830 F.3d 755, 758 (8th Cir. 2016). A seizure occurs when an officer "by means of physical force or show of authority, terminates or restrains [an individual's] freedom of movement through means intentionally applied." *Brendlin v. California*, 551 U.S. 249, 254, 127 S. Ct. 2400, 2405 (2007) (internal quotations and citations omitted). "Not every direction by an officer constitutes a seizure[;]" a detention only occurs when an individual actually submits, to the show of authority. *United States v. Warren*, 984 F.3d 1301, 1303 (8th Cir. 2021). "Even without a basis for suspecting a person of committing a crime, officers may 'generally ask questions of that individual' and 'ask to examine the individual's identification,' so long as 'the police do not convey a message that compliance with their requests is required.'" *United States v. Cook*, 842 F.3d 597, 600 (8th Cir. 2016) (quoting *Florida v. Bostick*, 501 U.S. 429, 434–35, 111 S.Ct. 2382 (1991)).

Regarding his Fourth Amendment claim against Officer Ratledge, Plaintiff has not provided the relevant factual assertions relating to his detention. (Doc. #14 at 2.) The only fact stated is that on September 24, 2022, Plaintiff was on a residential street when at "around 1:30 pm,

6

defendant Officer William Ratledge detained Plaintiff against his will." (Doc. #14 at 2.) That statement is conclusory and does not provide enough details to show a constitutional violation. Therefore, the Court finds that the allegation against Officer Ratledge fails to state a claim.

Regarding his Fourth Amendment claim against Officer Babbit, Plaintiff claims that on October 8, 2022, at around 5:10 p.m. while Plaintiff was walking on a residential street, Officer Babbitt "arrested and detained plaintiff against his will for a period of over 60 minutes. Plaintiff was handcuffed and placed in the back of a police car. Plaintiff was driven to several locations within the City of Platte Woods, and at one point Sgt. Babbitt planned to take Plaintiff to Platte City, drop him off, and drive away." (Doc. #14 at 2.) Plaintiff then alleges that the "arrest was made without probable cause to make an arrest, in violation of the 4th Amendment to the US Constitution." (Doc. #14 at 2.) "[A] false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Plaintiff's allegation regarding probable cause is nothing more than conclusory allegation shrouded as fact. Without more details such as what Plaintiff was being arrested for and the circumstances surrounding the arrest, Plaintiff's allegation fails to state a claim.

Therefore, the First and Fourth Amendment claims against the individual officers must be dismissed. Because the allegations fail to state a claim, the Court declines to address whether the individual officers are entitled to qualified immunity.

3. Claims against Platte Woods Police Department

Defendants assert that the Platte Woods Police Department cannot be sued as it is not a separate legal entity apart from the City of Platte Woods. A department of a governmental entity is not a separate legal entity and cannot be sued. *Jordan v. Kansas City*, 929 S.W.2d 882, 888 (Mo. Ct. App. 1996); *see also Engel v. Missouri Cts.*, 2020 WL 7493195, at *2 (E.D. Mo. Dec. 21, 2020)

7

(finding that "police and sheriff's departments are not suable entities under § 1983.") The Court, therefore, finds that Platte Woods Police Department must be dismissed.

    4. Monell Claims

Plaintiff's First Amended Petition alleges that "Defendant City of Plattewoods and Police Department of the City of Plattewoods failed to adopt clear policies and failed to train it's (sic) officers as to the proper role of officers in 1st and 4th amendment encounters." (Doc. #14 at 4, ¶37.) Later, Plaintiff asserts that "the Police Department of the City of Plattewoods has shown a pattern of abuse of first amendment rights[.]" (Doc. #14 at 4, ¶39.)

Section 1983 does not permit a municipality to be held vicariously liable for the unconstitutional acts of its employees. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978). "However, a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A plaintiff "need not . . . specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). But "[a]t a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Plaintiff's complaint fails to do so; and it is this "complete absence of allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the [defendant]" that requires dismissal of any *Monell* claim, to the extent that one is alleged. *Id.*

8

Case 5:24-cv-06149-LMC    Document 27    Filed 05/16/25    Page 8 of 11

Furthermore, the complaint does not contain allegations of other similar incidents that might stem from an unofficial custom. "To trigger municipal liability based on unofficial municipal custom, the custom must be so pervasive among non-policymaking employees of the municipality that it effectively has the force of law." *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 986 (8th Cir. 2016). The complaint alleges a single incident involving two officers. "Generally, an isolated incident of alleged police misconduct, such as [claimant] alleges occurred here, cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). Plaintiff has, therefore, failed to adequately plead a *Monell* claim due to an unconstitutional policy or custom of the governing entity.

Plaintiff's amended complaint also alleges that the City of Platte Woods and the Police Department failed to adopt clear policies regarding First and Fourth Amendment encounters. (Doc. #14 at 4.) Key to a *Monell* allegation is action by the municipality "taken with the requisite degree of culpability" and demonstration of "a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388 (1997). Therefore, "[w]here a claim is based upon municipal failure to adopt or follow a needed policy or practice, 'a plaintiff must show that his alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized.'" *Davis v. White*, 794 F.3d 1008, 1014 (8th Cir. 2015) (quoting *Russell v. Hennepin Cnty.*, 420 F.3d 841, 849 (8th Cir.2005)). Plaintiff has not alleged such and therefore his allegations fail to state a claim.

Similarly, the "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989). The deliberate indifference standard in this analysis is an objective standard "which 'permit[s] liability to be premised on obviousness or constructive notice.'" *Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1189 (8th Cir. 2019). Therefore, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.'" *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017) (citing *Connick v. Thompson*, 563 U.S. 51, 62, 131 S.Ct. 1350 (2011)). Notice may also "be implied where failure to train officers or employees is so likely to result in a violation of constitutional rights that the need for training is patently obvious." *Thelma D. By & Through Delores A. v. Bd. of Educ. of City of St. Louis*, 934 F.2d 929, 934 (8th Cir. 1991). Plaintiff has not alleged deliberate indifference. Nor has he alleged a pattern of similar constitutional violations or a patently obvious need for training. Therefore, his allegations are insufficient to state a claim for relief for a failure to train claim.

Plaintiff's claims against the City of Platte Woods therefore fail to state a claim for relief and must be dismissed.

   5. <u>Tort Claims and Violation of Sunshine Law Claim</u>

Plaintiff also alleges several Missouri tort claims and a violation of Missouri's Sunshine Law which this Court would have to exercise supplemental jurisdiction to address. Because this Court has found that the claims for which this Court may have had original jurisdiction must be dismissed, the Court declines to exercise supplemental jurisdiction on the tort claims and the claim for violation of Missouri's Sunshine Law. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635,

10

639, 129 S.Ct. 1862 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

III. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Motion for Stay to Defendant's Motion to Dismiss (Doc. #21) is denied. It is further

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Doc. #22) is denied. It is further

ORDERED that Defendants' Motion to Dismiss Amended Complaint (Doc. #18) is granted, and the matter is dismissed with prejudice.


/s/ Lajuana M. Counts
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE